## City of Scranton v. Toole

*David J. Reedy, Jr.*, and *James W. McNulty*, for City of Scranton.

*James J. Powell*, for defendant.

EAGEN, J., December 18, 1950.—This is an action seeking a declaratory judgment. The facts have been stipulated by agreement of counsel.

Simon Toole at the municipal election held November 7, 1949, was reëlected to the office of Treasurer of Lackawanna Township, Lackawanna County, for a term of four years beginning the first Monday of January 1950 (January 2, 1950). Under the Pennsylvania statutes governing first class townships, the treasurer is the tax collector. See Act of June 24, 1931, P. L. 1206, as amended.

At the same election mentioned hereinbefore (November 7, 1949), the majority of the electors of Lackawanna Township and the City of Scranton voted to annex the township in and to the City of Scranton, effective January 2, 1950. An order of court decreeing this annexation was filed December 30, 1949, designating the territory formerly known as the township to be the twenty-fourth ward of the city. A serious dispute has arisen as to who is the legal tax collector of this territory of the taxes levied for the year 1950.

A. J. Best, the duly elected tax collector of the City of Scranton claims the right to collect the 1950 city, county and institutional taxes for this territory now known as the twenty-fourth ward of the City of Scranton. Simon Toole claims this is his right by virtue of his election to the office of treasurer.

The question involved might better be decided in an action of another nature months ago. Because the best interests of the public demand an expeditious decision in order to prevent a possible breakdown in the machinery of collecting the taxes involved, we entertain this action.

It is the unanimous opinion of this court that Simon Toole is the person legally entitled to collect these taxes.

The statute under which the annexation proceedings were instituted is that of June 15, 1939, P. L. 372. Section 8 thereof provides:

*"In case of annexation, all salaried public officials of territory annexed, who have theretofore been elected for a definite term shall continue to receive, during the term for which they were elected, the same salaries as they would have received except for such annexation,* and it shall be the duty of the mayor of such city to assign to such public officials, the performance of such suitable services and duties as will be in the public interest of the city and particularly of the annexed portion thereof. In case of non-elective employees of such annexed borough or township, they shall, so far as practicable, be employed at corresponding duties by the city in accordance with rules and regulations to be established by city ordinance. *Tax collectors holding office at the date of annexation shall continue to perform the duties and receive the emoluments of office for the full term for which they were elected,* but, upon the expiration of such term, the office shall be abolished within such territory and the duties thereof shall be merged with that of the collector of taxes of such city of the second class A." (Italics supplied.)

The annexation statute involved is not too expertly written and could be much more precise in regard to the situation here presented.

We believe, however, that the legislature clearly intended to protect the rights of individuals elected to office before the annexation became a fact. It was not and was never intended to be a ripper bill. This is specifically true as to the office of tax collector. To declare Simon Toole out of office as of January 2, 1950, would defeat the intention of the legislature and the will of the voters of Lackawanna Township, who elected him to the office. In addition, from a practical standpoint, confusion would most certainly result. Toole is already in possession of the school tax duplicate for the present year and is in the process of collecting the school and wage taxes of the school district.

218

which is not yet formally annexed. It will certainly be more practical and less expensive for all of the taxes for the same territory to be collected by the one individual. In addition, since he could undoubtedly collect the emoluments of the office, he should perform the duties for which the salary is paid.

Therefore, December 18, 1950, we declare Simon Toole to be the person legally entitled to collect the taxes assessed for the year 1950 in the twenty-fourth ward of the City of Scranton.